ARENSMEYER, WARNOCK, ZARNDT, INC., Plaintiff, *v.* CHARLES F. WRAY and Others, Constituting the Board of Education of the City of Rochester, Defendants.

Supreme Court, Monroe Special Term, April, 1922.*

Schools — contracts — duty of board of education to let contract to lowest responsible bidder — when peremptory writ of mandamus granted — Education Law, § 875(8).

Under section 875(8) of the Education Law, which requires that a contract be let to the " lowest responsible bidder furnishing security as required," a municipal board of education is not at liberty to reject all of the bids submitted unless there was some informality connected with them or other substantial reason exists for their rejection.

While the board is invested with a certain discretion with respect to the letting of contracts it cannot by a provision in the advertised notice for bids arbitrarily reserve to itself the right to reject in its discretion all bids submitted as the interest of the municipality may appear.

There being no calculations necessary to determine who is the lowest bidder, as to whose responsibility no question was raised, nor as to the reasonableness of its bid when rejected, the lowest bidder whose bid was regular in all respects will be granted a peremptory mandamus requiring the board to award it the contract.

Where the facts are undisputed a peremptory mandamus may be granted in the first instance.

* Received too late for insertion in proper place.— [REPR.

Supreme Court, April, 1922.                    [Vol. 118

Application for an order awarding a contract to lowest bidder.

*MacFarlane & Harris,* for plaintiff.

*Charles L. Pierce,* corporation counsel (*George P. Draper,* of counsel), for defendants.

Rodenbeck, J.  The contract involved on this application should be awarded to Arensmeyer, Warnock, Zarndt, Inc., under the second bidding.  In advertising for bids the board was laboring under two misapprehensions.  In its first advertisement it assumed that it had the right by a provision in the notice to award the contract to any bidder according to its judgment.  This provision was omitted from the notice for bids upon readvertisement but the second notice contains a provision that the board reserves the right in its discretion to reject all bids as the interest of the city may appear.  The board is not at liberty under the statutes relating to the subject to award contracts to any but the lowest bidder and it has no authority in its absolute discretion to reject all of the bids submitted and readvertise for new bids.  The provision contained in the first notice for bids reserving the right to the board to let the contract to any bidder as the interests of the city might appear is omitted from the second notice for bidding and it is unnecessary to discuss it.  The board cannot by a provision in its notice for bids reserve to itself arbitrarily the right to reject bids submitted.  It is vested with a certain discretion with respect to the letting of contracts but is required by the statute to let the contract to the " lowest responsible bidder furnishing the security as required by such board."  Education Law, § 875, subd. 8.  Under this language in the present case no calculations are necessary to determine who is the lowest bidder and there is no question raised as to the responsibility of the lowest bidder, nor at the time of the rejection of the bids was any question raised as to the reasonableness of the amount of the bids.  The board was not at liberty to reject the bids unless there was some informality connected with them or other substantial reason existed which required such rejection.  The reason advanced for the rejection of the bids in the resolution adopted by the board is that they were " informal," but an examination of the bids reveals no informality sufficient to justify the course taken by the board.  The bid of the Barr & Creelman Company was informal in that it failed to state the individual name of each member of the firm or corporation but it was not such an informality as required the board to reject the bid.  The Barr & Creelman Company is well known in the city and it would be a technicality to reject the bid because it failed to state the corporate name or the members of the

firm whichever it may be. The bid of Arensmeyer, Warnock, Zarndt, Inc., is regular in all respects. The excuse offered that the sum of the labor and material specified in the bid did not agree with the amount of the bid is a mere subterfuge. This division is for the information of the board and is stated to be approximate only. There can be no claim that the rejection of the bids was in the interest of economy. Under the first letting the board let the contract to the Barr & Creelman Company for steel pipe when it had before it a bid of Arensmeyer, Warnock, Zarndt, Inc., for wrought iron pipe at only $30 more than the bid for steel pipe, wrought iron pipe being concededly more expensive. The bid of Arensmeyer, Warnock, Zarndt, Inc., under the second letting was $1,611 less than the bid of the Barr & Creelman Company under the first bid which was accepted by the board. Under the statute requiring the contract to be let to the lowest responsible bidder all of the bids cannot be rejected unless there is some substantial reason therefor. This provision was inserted in the statute for the purpose of protecting the public, and if the board can reject bids arbitrarily it will open the way to favoritism, corruption, extravagance and improvidence. *People ex rel. Coughlin* v. *Gleason*, 121 N. Y. 631. It would afford an easy way to keep on bidding until a favorite contractor was the lowest bidder. The board is required to act in good faith, and if the proceedings appear to indicate some ulterior motive in readvertising the courts will interfere. The course of the letting of this work would seem to indicate that an attempt has been made to prevent Arensmeyer, Warnock, Zarndt, Inc., from obtaining this contract or to secure the contract for some one else. The first bid was for wrought iron or steel pipe in the alternative which the court held was an illegal form of proposal. Under this form of bidding the board rejected the bid of Arensmeyer, Warnock, Zarndt, Inc., which was substantially the lowest bidder, and accepted the bid of the Barr & Creelman Company for steel pipe, that bid being only $30 less than the bid of Arensmeyer, Warnock, Zarndt, Inc., for wrought iron pipe, worth admittedly $890 more than steel pipe. It cannot be claimed that this award was made in the interest of the city. The board then rejected all of the bids and readvertised and in the readvertisement provided that if the bid was for wrought iron a deduction should be stated if steel pipe were used. The board should have ascertained before the bidding whether it desired wrought iron or steel pipe to be used as this form of bidding gives a favorite contractor two chances of securing the contract as he may be low either on wrought iron or steel pipe. The notice for bids should not be in such form as to permit of such opportunities

wherever it can be avoided. Under the second bidding the Barr & Creelman Company not having provided for any deduction it must be assumed that its bid is for steel pipe, in which case its bid is $14 more than the bid of Arensmeyer, Warnock, Zarndt, Inc. Instead of awarding the contract at the prices bid which were substantially less than those offered in the first bids the board advanced the untenable ground that all of the bids were informal and readvertised. The proceeding was irregular and is open to the construction that the rejection of the bids was not in good faith but for the purpose of preventing Arensmeyer, Warnock, Zarndt, Inc., from obtaining the contract which is supported by the action of the board on the first letting when that company was the lowest bidder on wrought iron pipe. The letting of public work should be above the suspicion of favoritism or corruption. Under these circumstances the courts will control the action of the board and require an observance of the statutes. The board has not the same latitude with respect to the letting of contracts as an individual. It is required to let a contract to the lowest responsible bidder who will give the security required by the board and it cannot reject all of the bids unless there is some substantial reason for that course. Where there is no dispute as to the facts the court will grant a peremptory mandamus in the first instance. *People ex rel. Lynch* v. *Lennon,* 147 App. Div. 537; *Molloy* v. *City of New Rochelle,* 198 N. Y. 402, 412; *People ex rel. Mathews & Co.* v. *City of Buffalo,* 5 Misc. Rep. 36. The board is, therefore, required to award the contract to Arensmeyer, Warnock, Zarndt, Inc., under the second bidding and is restrained from proceeding under the third bidding and from readvertising for further bids for the work.

Ordered accordingly.