626

In the Matter of DANIEL DEMARCO, on Behalf of Himself and Others Similarly Situated, Respondent, against J. EDWARD CONWAY et al., Constituting the Civil Service Commisison of the State of New York, et al., Appellants.

Third Department, May 5, 1948.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General* and *John C. Crary, Jr., Assistant Attorney-General* of counsel), for appellants.

*DeGraff and Foy,* attorneys (*John T. DeGraff* and *John E. Holt-Harris, Jr.,* of counsel), for respondent.

FOSTER, J.  Defendants appeal from an order of the Supreme Court which directed them to pay petitioner's salary as a laboratory worker in the New York State Department of Health at the rate of $2,180 per annum for the fiscal year commencing April 1, 1947.  The proceeding was brought by petitioner under article 78 of the Civil Practice Act and its main purpose was to obtain a judicial construction of chapter 360 of the Laws of 1947.  No answer or opposing affidavits were interposed and defendants moved to dismiss the petition on its face.  Thus all the facts in the petition are admitted and only a question of law is presented on appeal.

Petitioner is employed as a laboratory worker in the State Department of Health.  He passed a competitive examination and was appointed to this position on February 15, 1945, at a base salary of $1,400 per annum.  At that time, the position of laboratory worker was allocated to service 2, grade 1b under section 40 of the Civil Service Law.  To petitioner's base salary was added $280 war emergency compensation (L. 1945, ch. 159) so that he actually received a salary of $1,680.  Thereafter and on April 1, 1946, the salary was increased to $1,500 per annum, to which was added emergency compensation (L. 1946, ch. 222) in the sum of $390, making a total salary of $1,890 that he received from April 1, 1946 until March 31, 1947.

Former section 40 of the Civil Service Law was repealed by chapter 360 of the Laws of 1947, and new salary schedules were enacted therein.  The position of laboratory worker previously allocated to service 2, grade 1b under former section 40 was changed to grade G2 as of April 1, 1947.  The annual salary in the latter classification ranged from a minimum of $1,600 to a maximum of $2,200.  Since April 1, 1947, petitioner has received a salary of $2,080 per annum.  This was fixed in accordance with the language of subdivision 2 of section 6 of the new statute (L. 1947, ch. 360) which provides in part:

" Commencing April first, nineteen hundred forty-seven, every such employee whose position is allocated to a salary grade in section forty of the civil service law as added by this act shall receive the rate of compensation in such salary grade as corresponds with the number of years of service on which his salary was based on March thirty-first, nineteen hundred forty-seven, and in addition thereto, the annual increment or part thereof, if any, to which he is entitled pursuant to the provisions of the civil service law."

Thus petitioner's salary was changed from $1,500 for fourth year service in grade 1b under the old statute to $1,960 for fourth year service in grade G2 of the new statute. This sum plus the annual increment of $120 specified for the G2 classification in the new statute made up the annual salary of $2,080 which petitioner has been receiving since April 1, 1947.

Everyone concedes that up to this point the procedure followed and the salary changes made were proper. But on April 14, 1947, petitioner's position was reallocated or moved up another grade from grade G2 to grade G3 in the salary schedules contained in the new statute. This was done by action of the Salary Standardization Board, and approved by the Director of the Budget. The Salary Standardization Board certified to the Director of the Budget that such reallocation was made as a consequence of the salary survey made by such board in 1946. On the basis of this shift of grade petitioner claims that he should receive a salary of $2,180 commencing April 1, 1947; that is, that he should receive $2,060 for fourth year service in grade 3 plus $120 increment for satisfactory service during the preceding year, and that the same should be retroactive to April 1, 1947.

It is at this point that the contentions of the parties diverge. To support his contention petitioner invokes this part of subdivision 8 of section 6 of chapter 360 of the Laws of 1947: " Any reallocations made by the salary standardization board on and after April first, nineteen hundred forty-seven, and prior to October first, nineteen hundred forty-seven, and approved by the director of the budget, shall become effective as of April first, nineteen hundred forty-seven, if such board shall certify to the director of the budget that such reallocations were made as a consequence of the salary survey made by such board in nineteen hundred forty-six * * *.'' He points to these facts as indicating and requiring the application of the statute: The reallocation placing him in grade 3

was made after April 1, 1947, and prior to October 1, 1947; it was approved by the director of the budget; and the standardization board certified to the director of the budget that it was made as a consequence of the salary survey made in 1946.

Appellants assert to the contrary that the foregoing language does not apply to petitioner's situation and that under paragraph (c) of subdivision 5 of section 39 of the Civil Service Law petitioner entered grade G3 at his then existing salary of $2,080 since that amount was not below minimum for the new grade; and that he will thereafter receive the annual increment of that grade until the maximum is reached. The provision of section 39 to which defendants refer reads as follows: '' In order to adjust present salaries to correspond with the salaries specified in sections forty and forty-one of this chapter, and notwithstanding the provisions of such sections, the annual salary of any employee which is less than the specified rate of compensation for his period of service in such position, shall, commencing with the first day of the fiscal year next ensuing after an allocation or a reallocation is effective, be increased annually, by the annual increment of the grade to which his position is allocated, until his annual salary corresponds with the rate of compensation to which he is entitled. The annual salary of any employee which on the first day of any fiscal year is less than the minimum salary of the grade to which his position is allocated, as specified in section forty of this chapter, shall be increased on such date to the minimum salary of such grade.'' (Civil Service Law, § 39, subd. 5, par. [c]; added by L. 1945, ch. 302, § 2, eff. April 1, 1945.) Under this section of the Civil Service Law, according to the argument of the defendants, petitioner is not entitled to any salary increase and not entitled to an annual increment after being moved up to G3, until April 1, 1948, which is the first day of the fiscal year next ensuing after his reallocation became effective.

We are confronted with two statutory provisions apparently inconsistent. The inconsistency, however, is more apparent than real. Paragraph (c) of subdivision 5 of section 39 deals solely with increments as a means of advancing salaries under the old statute, and has nothing to do with the conversion of salaries from those provided for in the old statute to those provided for in the later enactment of section 40. The legislative history of this subdivision shows it to be the final successor to several transitory provisions following the earlier enactment of section 40, the so-called Feld-Hamilton Law (L. 1937, ch. 859), which were

designed to lessen the enormous expense attendant upon immediately raising the salary of every employee to the minimum of his grade plus the rate which corresponded with the number of his years of service. Evidently it was then considered as a matter of legislative prudence to provide for a more gradual adjustment of salaries while State employees were being fitted into new and different schedules. But when the Legislature adopted a new complete and comprehensive plan for the allocation of grades with appropriate salaries in the enactment of chapter 360 of the Laws of 1947, it must be assumed that the restrictive provisions of paragraph (c) of subdivision 5 of section 39 were not intended to apply to those who came under the new enactment. Otherwise the specific directions contained in the new statute, which we have quoted previously, could not be applied to petitioner although his situation fits them precisely in every respect. We cannot believe the Legislature intended a result so contradictory. We think, therefore, that the provisions of paragraph (c) of subdivision 5 of section 39 of the Civil Service Law have no application to petitioner, and their retention in the statute is only for purposes relating to the situation of some employees affected by the old statute. Even if we assume, *arguendo,* the inconsistency of section 39 and the requirements of the new statute we reach the same conclusion on the basis that the prior statute must yield to a later enactment which deals specifically with petitioner's situation and those who are similarly situated.

There is an inference perhaps in the argument of defendants that petitioner will receive two increments by virtue of the order appealed from. Such is not the fact. Petitioner was automatically allocated by statute from service 2, grade 1b under former section 40 to grade G2 under the new statute. Then he was reallocated by administrative action to grade G3. The increment for each grade is $120 and he was entitled to one increment in any event, and that he has received. The order appealed from directs the conversion of his salary to the fourth year of service in his latest grade, G3, or $2,060, and this amount, plus the increment he was entitled to in any event, fixes his salary at $2,180, or $100 more than he has been receiving. This increase bears no relation to the annual increment fixed for his grade.

The order appealed from should be affirmed, with $50 costs and disbursements.

HILL, P. J., HEFFERNAN, BREWSTER and RUSSELL, JJ., concur.

Order affirmed, with $50 costs and disbursements.