Thomas L. J. Corcoran, J.
This is a motion for an injunction
pendente lite brought by the petitioner in a proceeding under article 78 of the Civil Practice Act. The respondents cross-move to dismiss the petition on the ground that it does not state facts sufficient to entitle the petitioner to any relief.
The petition alleges the following: On May 17, 1950, the respondent, the City of New York, acting through its Department of Public Works, opened bids for an electrical contract, designated officially as “ PW 55 Bockaway Sewage Treatment Works Contract No. 4 — Electrical Work”. The petitioner’s bid was the lowest. The bid of the respondent, Bao Electrical Equipment Co., Inc., was the next lowest.
In June, 1950, at the call of the Commissioner of Public Works, the Board of Contract Besponsibility of the Board of Estimate of the city convened and held a hearing to determine the petitioner’s responsibility. Thereafter, the department notified the petitioner that the board had determined that it was not the lowest responsible bidder qualified to perform the work. It sent the petitioner a copy of the board’s resolution which states, principally, that the petitioner “ does not possess the necessary technical experience, nor technical personnel to perform properly the work required under the contract ”. The resolution is made part of the petition. The basis for the determination that the petitioner was not qualified was that it did not employ an engineer with the necessary technical qualifications and experience to “ lay out ” and supervise the job. The petitioner, at the time of the hearing, offered to hire such an engineer.
After the hearing and determination of the Board of Contract Besponsibility, the contract was awarded to the respondent Bao.
The petitioner further alleges that the determination that it was not the lowest responsible bidder and should not be awarded the contract was arbitrary, capricious and an abuse of discretion. It asks for an order enjoining the department from ordering further performance of the contract; and directing that the contract be readvertised or awarded to the petitioner.
The court is without authority to grant a permanent injunction in a proceeding under article 78. (Matter of Pagano Realty Corp. v. O’Dwyer, 195 Misc. 157; Matter of Rivkin v. Garbros, Inc., 183 Misc. 389; Matter of J. D. L. Corp. v. Bruckman, 171 Misc. 3.)
The fact is that the petition does not state facts sufficient to entitle the petitioner to any relief.
*761 Section 1288 of the Civil Practice Act states that the petition (l may he accompanied by affidavits and other written proof The petition in this case states that the affidavit which is attached is in support of the petition. In that affidavit, the petitioner incorporates the minutes of the hearing before the Board of Contract Responsibility by stating that they will bear out the petitioner’s contention that the refusal to award the contract to it was arbitrary. This affidavit also requests the submission of these minutes to the court on the argument of the motion inasmuch as no copy was furnished to the petitioner. These minutes have been submitted pursuant to the petitioner’s request.
A motion under section 1293 of the Civil Practice Act is like a demurrer to the petition. It attacks its legal sufficiency. Affidavits may, however, be used in support of the petition. (Matter of Yonkers Bus v. Maltbie, 23 N. Y. S. 2d 87, affd. 260 App. Div. 893.) Of course, such affidavits will normally support the petition. I see no reason, however, why such affidavits should not be considered, if relied upon by the petitioner, even if their tendency is to destroy the allegations in the petition. The report of the Board of Contract Responsibility and the minutes of its hearing are considered on the cross motion to dismiss because the petitioner has, in effect, made them part of its petition by incorporating them by reference in the supporting affidavit. The affidavits of the respondents, on the other hand, are not considered on the cross motion because they are no part of the petition.
The minutes of the hearing indicate that the electrical work was complex. It required that the company who received the contract have a first-class engineering organization. The petitioner’s experience questionnaire indicated, according to the department officials, that it did not have the engineering staff or the ability necessary for this intricate installation. The fact that the petitioner stated at the time of the hearing “ that it was in a position to hire an engineer with sufficient qualifications to ‘ lay out ’ and supervise the performance of the contract” does not change the fact that it was not qualified at that time. The court can be guided only by the evidence at the hearing which was called for the purpose of determining the petitioner’s responsibility at the time. The petitioner knew that the question of its responsibility was the issue at the hearing and it was given an opportunity to be heard. If it did not establish its responsibility then, it is not for the court to say that it might have done so at some future time. The papers on which the petitioner bases its claim that the action of the board was arbitrary, viz., the questionnaire, the minutes and the report, *762 when read together with the petition, negate that claim. The determination that the petitioner did not have the necessary engineering staff seems established by the record. It certainly was not arbitrary. The respondents had the authority to examine the petitioner as to its technical organization. The term “ responsibility ”, as used in the New York City Charter, is not limited in meaning to financial responsibility. It also means ability to do the job. (Syracuse Intercepting Sewer Bd. v. Fidelity & Deposit Co., 255 N. Y. 288; Picone v. City of New York, 176 Misc. 967.)
The petitioner also attacks the authority of the Board of Contract Responsibility to take any action in this matter. This is a complete reversal of the position it takes in its petition, wherein it alleges in paragraph ‘ ‘ Fifth ’ ’ that the meeting of the Board of Contract Responsibility was called “ pursuant to the provisions of the Charter of the City of New York, and the Rules of the Board of Estimate ”. Since the petitioner has now raised the point, however, we will dispose of it.
Section 343 of the charter provides for the award of contracts on public letting founded on sealed bids ‘1 under such regulations as shall be made by the board of estimate ”. It authorizes the agency letting the contract to award the contract, on its own, not to the lowest bidder but rather to the lowest responsible bidder. If a contract is awarded to one other than the lowest bidder, however, a statement giving the reasons must be filed by the agency in the offices of the Comptroller and the Treasurer. Pursuant to the authority of this section, the Board of Estimate adopted regulations, section 5(c) of which provides that a bidder shall be declared not qualified on the ground of nonresponsibility only upon the determination of a board consisting of the Comptroller, the Corporation Counsel and the head of the agency making the award. This board, known as the Board of Contract Responsibility, must investigate and pass upon the responsibility of the bidder. This was not an illegal delegation of power.
Section 343 of the charter provides that the agency letting the contract must be the one to make the rejection of a lowest bid. The petitioner contends that the department did not make the rejection in this case because in its letter to the petitioner it stated that the Board of Contract Responsibility had determined that the petitioner was not the lowest responsible bidder. This is a strained construction of the department’s letter. It is evident that the department gave full notification of the facts, and adopted the board’s determination as its determination.
There is grave question whether the petitioner would be entitled to any relief even if it had shown some abuse of discre *763 tion on the part of the Commissioner. The courts have consistently construed statutes governing public letting of contracts as imposing duties upon public officers for the benefit of the public, and not as granting rights to disappointed bidders. The courts have been loath to grant mandamus, or relief under article 78, to contract bidders against public officers under such statutes. It is only where there has been a clear violation of law or where there has been failure to perform some act required by law that the courts have intervened.
The motion for a temporary injunction is denied. The cross motion to dismiss the petition is granted.