Benedict D. Lineen, J.
Plaintiff, on behalf of himself and others similarly situated, seeks to enjoin and restrain the defendant from compelling the plaintiff and others to submit to a physical examination by a physician of its own choosing in order to renew their licenses as port watchmen. The States of New York and New Jersey through their Legislatures passed what is known as the Waterfront Commission Act, which was approved by the respective Governors of both States, and the compact between the two was subsequently approved by the Federal Government (67 U. S. Stat. 541). The purpose of the legislation was to protect the port of New York in its position as the center of world shipping after investigations and hearings disclosed the existence of evil conditions along the waterfront and piers. The Crime Commission which was responsible for revealing these deplorable conditions particularly reflected upon the ineffective watchmen system and made recommendations for its improvement among some of which were the licensing of the watchmen and in connection therewith certain requirements as to age, physical condition, intelligence and moral character. Need was indicated for the employment and regulation of watchmen of the caliber most likely able to help in protecting property. The commission derives its power from the authority given to it to make and enforce rules and regulations deemed essential and necessary to effectuate the purposes of the compact (Waterfront Commission Compact [L. 1953, ch. 882], art. IV, subd. 7). Such rules and regulations must be reasonable since traditionally the main objective of a democratic government is to protect the rights of the individuals against the State which rights are guaranteed by the Constitution. Since the general public is adversely affected by the disclosure' of rampant pilferage on the docks and piers, the regulation would come under police power to protect the public interest. The paramount duty of a watchman is the protection of property. To carry out such duty requires a certain degree of physical fitness not found in most persons of advancing age. Bules and regulations imposing fair *72 standards as to physical condition and age are not unreasonable nor in violation of any constitutional rights. In this connection it is to be noted that the commission has authority to waive certain requirements as to age and physical fitness in proper cases. Petitioner does not allege that he cannot meet the requirements for obtaining a watchman’s license or that he has applied for such license and been refused, or that the commission has arbitrarily refused to waive any inability to comply therewith. Finally, the petitioner alleges that the regulation interferes with collective bargaining. While police power is validly exercised in the interests of the public welfare, the fact that private contractual rights may be interfered with in the process would not constitute any hindrance. Under the circumstances the petitioner has failed to establish his right to the relief requested. The motion is, therefore, denied.