Irving H. Saypol, J.
Application for an order (Civ. Prac. Act, art. 78) (1) to annul the respondent’s orders of October 8, 1957, (2) directing the respondent to issue a permanent license as port watchman to each petitioner, (3) staying the termination of petitioners’ licenses; and the cross application to dismiss the proceeding on the law (Civ. Prac. Act, § 1293) are decided as follows:
The respondent is charged by law with administering the Waterfront Commission Act (L. 1953, ch. 882, as amd.). Incidentally thereto, it licenses port watchmen employed in private industry to protect property. The respondent has duly adopted related regulations fixing standards of physical and mental fitness which have been upheld (O’Connor v. Waterfront Comm. of N. Y. Harbor, 9 Misc 2d 70). A pattern of age maxima fixes 55 years for new applicants for these licenses, generally 65 is the limit but exceptions to 70 years of age are permissible on order of the commission waiving ineligibility under prescribed standards in the regulations (Regulations of Waterfront Comm. of N. Y. Harbor, 5.4 [A]-[G]). In addition, a further exception is permissible, on its discretionary order of waiver of ineligibility for one over 70 who otherwise meets the physical and mental requirements prescribed for continued licensure between 65 and 70 years where such an applicant has an equity in the pension system which would be duly impaired by refusal of such an order (Regulations, 5.6).
The 12 petitioners are between 71 and 78 years old. They challenge the validity for lack of definite standardization of the regulations as they prescribe age limits and they also challenge the orders denying them licenses and refusing them waivers of eligibility. The petition alleges illegal denial of their applications for rehearing and it is charged that there was neither finding nor evidence to support the respondent’s action.
Going no further but at once looking to the statute, it is found that all the elements of due process are mandated in relation to denial of a license, id est, hearing, notice, findings and judicial review (Waterfront Commission Act, § 1, art. XI).
Neither the orders in question nor the record before the respondent nor any findings are before the court. Accordingly, the main issues are not urged although the truth of the allegations would be deemed admitted here (Matter of De Marco v. Conway, 273 App. Div. 626).
The cross motion to dismiss is denied, with leave to the respondent to answer the petition within 30 days and then to proceed as it may be advised.
*975 The petitioners’ application fox a stay is denied. It amounts to a prayer for direction to the respondent to afford the very relief the denial of which is the subject of review. Although it is alleged in the petition in the alternative that the petitioners are licensees or temporary permittees, it is shown in their individual affidavits that all held temporary permits which by their terms would expire on December 31, 1957. The general power to grant a stay, which is authorized by section 1299 of the Civil Practice Act, is circumscribed by the Waterfront Commission Act (§ 1, art. XI, subd. 7), restricted to a stay of 30 days in the cases of revocation or suspension of a license.
Settle order.