Clarence J. Henry, J.
On December 16, 1960, the Zoning Board of Appeals of the Town of Irondequoit denied a petition of the petitioner for a variance of zoning restrictions on prop *887 erty owned by him at 468 Titus Avenue, in said town, and used as a medical office. The petitioner thereupon commenced proceedings for a review of such determination, under article 78 of the Civil Practice Act.
The applicants herein are members of the so-called “North Titus Residential Association ’ ’, an unincorporated body organized about 1952. They seek permission to intervene as respondents.
Intervention in article 78 proceedings rests in the discretion of the court (Civ. Prac. Act, § 1298). It is limited to persons “ specially and beneficially interested ” in the determination to be reviewed. Persons owning real estate in the vicinity of questioned property (indicated herein by the submitted affidavits of four association members) have been held to be specially and beneficially interested (Steers Sand & Gravel Corp. v. Brunn, 116 N. Y. S. 2d 879) and they may be represented by an association (Civ. Prac. Act, § 195).
However, although section 1298 contains no requirements in connection with intervention, it has been indicated that section 193-b has application in article 78 proceedings (Matter of Petroleum Research Fund, 3 A D 2d 1 ; Matter of Bernklau, 106 N. Y. S. 2d 548) and subdivision 3 of section 193-b requires that the notice of motion to intervene “ shall be accompanied by a proposed pleading setting forth the claim or defense for which intervention is sought” (emphasis supplied). This requirement has been regarded as mandatory (see City Bank Farmers Trust Co. v. National Cuba Hotel Corp., 133 N. Y. S. 2d 8).
No proposed answer was submitted by the applicants herein, and permission to intervene must therefore be rejected. The reason undoubtedly recognized by the Legislature’s inclusion of the requirement, is that without the proposed pleading there is nothing from which the court can determine whether the requested intervention would add any usefully new matters to the record of the proceedings under review. Intervention, unaccompanied by contribution of fact or law, would accomplish little aside from undue complication and possible delay. Interest in the cause, no matter how vigorous, is not enough, alone, to warrant permission.
Motion denied, without prejudice to a further application fortified by proper papers.