Abraham J. Gellinoee, J.
Petitioner applies for an order compelling respondents to permit an inspection of certain hooks and papers of the respondent corporations. Respondents move pursuant to rule 106 of the Rules of Civil Practice and section 1293 of the Civil Practice Act for an order dismissing the peti *890 tion as a matter of law on the ground that it does not state facts sufficient to constitute a ‘ ‘ cause of action ’ ’. It is only respondents ’ motion for an order of dismissal that is before this court for consideration and determination.
Buie 106 of the Buies of Civil Practice applies to motions addressed to a “ complaint ” in an action. Section 1293 of the Civil Practice Act applies to objections to a “petition” in a proceeding pursuant to article 78. Under section 1293 the respondent may “ raise an objection in point of law warranting the dismissal of the petition” by applying for an order of dismissal on the return day of the petition.
On a motion to dismiss a complaint under rule 106 only the complaint itself may be read and considered. On a motion for an order dismissing the petition as a matter of law under section 1293 of the Civil Practice Act, the court is not limited to a consideration of the petition alone. For the “ application for relief” in an article 78 proceeding consists not only of the petition but also of “ affidavits and other written proof ” which may “accompany” the petition (Civ. Prac. Act, § 1288). Hence, while the petition must contain ‘ ‘ a plain and concise statement of the material facts on which the petitioner relies ” (Civ. Prac. Act, § 1288), affidavits accompanying the petition may also be considered when judging the sufficiency of the petition (Matter of Yonkers Bus v. Maltbie, 23 N. Y. S. 2d 87, affd. 260 App. Div. 893).
The petition alleges that petitioner owns 59,000 shares of the capital stock of respondent Fifth Avenue Coach Lines, Inc. (hereinafter called “ Fifth Avenue ”), having a current market value of over $1,000,000; and that the entire board of directors of Fifth Avenue owns only about 12,000 of the 678,000 shares outstanding in the hands of the public. The petition also alleges that, although Fifth Avenue operated at a loss during 1961, its management in early January, 1962, after a brief strike, granted its employees and those of its subsidiary, Surface Transit, Inc. (hereinafter called “ Surface ”), very substantial wage increases; and that, at about the same time, the Board of Estimate of the City of New York authorized these corporations to eliminate the granting of transfers, with the result that bus passengers, traveling upon their lines who previously paid one regular fare plus a transfer charge, would be required to pay two full fares.
It is further alleged that, because of the brief strike, and the elimination of the transfer charge — resulting in the double fare charge for transfer users — Fifth Avenue and Surface have lost many passengers, the precise extent of which is not known, *891 “ but is vital to petitioner’s economic interest” in the corporations.
The petition complains that notwithstanding that, in 1956, Fifth Avenue’s management represented to the United States District Court that it anticipated earnings of $2.96 per share and dividends of $2 per share for the years 1957 through 1960, plus an expected extra dividend of 50 cents per share annually, the fact is that since 1956 Fifth Avenue has paid only an annual dividend of 50 cents per share and no dividend at all in 1961.
The petition further alleges that Fifth Avenue and Surface prepare, for the use of their president, the respondent Moreland, daily passenger revenue statements, which show daily revenues as compared with the revenues in the comparable day of the comparable week in the next preceding year; that petitioner, because of its great economic interest in the corporations and the vital importance of passenger revenues, demanded of the respondent corporations that petitioner be permitted to inspect the afore-described daily passenger revenue statements, and that permission for such inspection has been refused.
The petition finally alleges that, ‘1 As will more particularly appear from the annexed affidavit * * * the papers which petitioner desires to inspect are most material to petitioner’s economic interest in the corporations and petitioner seeks such inspection in good faith and in aid of such economic interest ”; and demands that petitioner be allowed to inspect the daily passenger revenue reports for the days upon which operations have been conducted since January 1, 1962.
Counsel for petitioner, whose affidavit accompanies the petition — which affidavit may be considered in support of the petition {supra) —states, in substance, that, because of the wage increases and the elimination of the transfers, the operating results appear to have been disastrous; that there has been a drastic reduction in passenger traffic on the respondent corporation’s lines; that the corporations are in urgent need of immediate finacial relief; that, obviously, unless there is “ a very substantial increase in revenues the companies will suffer * * # staggering loss in 1962”; that, according to expert transit experience, “ daily comparative revenue reports provide the best basis for a reliable estimate of the current operating-results of the corporation”; and that it is “ absolutely necessary for petitioner to have access to this basic data in order to determine the facts upon which petitioner can decide what steps must be taken to protect its most substantial investment of about $1,000,000 in Fifth Avenue ’ ’.
*892 A stockholder, of course, does not have an absolute right to inspect corporate records and books other than the stock book. He does, however, have a right, under certain circumstances, to inspect a corporation’s books and papers for a proper purpose. To be afforded that right, he must establish that it is necessary for him to inspect the records ‘ ‘ in order to properly protect his interest in the corporation ” (Matter of Latimer v. Herzog Teleseme Co., 75 App. Div. 522, 523-524).
The question before the court on this application is not whether petitioner, after a trial on the merits, will prevail. The question is merely whether his petition, ‘‘ accompanied ’ ’ by its “affidavits” (cf. Civ. Prac. Act, § 1288), contains “a plain and concise statement of the material facts on which the petitioner relies ” (Civ. Prac. Act, § 1288), viz., whether it states facts showing that it is necessary for petitioner to have the inspection in order to protect its interest in the corporation.
At least prima facie, petitioner herein has set forth sufficient facts to warrant ‘ ‘ the relief to which the petitioner supposes himself entitled” (Civ. Prac. Act, § 1288). As to respondents Fifth Avenue, Surface, and their president, Moreland, the motion is denied, with leave to such respondents to serve and file their answer within 10 days after service by petitioner of a copy of the order to be entered hereon with notice of entry. As to respondent Grayson M-P. Murphy, the motion is granted and the proceeding dismissed.