Samuel M. Gold, J.
In this article 78 proceeding, the petitioner, Patrolmen’s Benevolent Association of the City of New York, Inc. (hereinafter PBA), seeks an order requiring the respondent, Acting Commissioner of Labor of the City of New York, to conduct an election to determine whether the PBA shall be certified as the collective bargaining representative of the detectives of the New York City Police Department. The respondent-intervenor, Detectives Endowment Association (hereinafter DEA), is presently certified as the collective bargaining representative for the patrolmen assigned to the Detective Bureau of the New York City Police Department.
In March, 1968 the Mayor of the City of New York issued Executive Order No. 49, establishing collective bargaining procedures and a labor relations program for employees of the City of New York. The police force was specifically excluded from the coverage of that order, but some years later, in 1963, pursuant to a separate executive order, a similar program was established for members of the Police Department. The respondent Commissioner of Labor was designated therein as the official representative for the administration of the program and, pursuant to that designation, has promulgated various rules and regulations governing procedures under the executive orders. However, it appears that the rules and regulations promulgated were adopted prior to the issuance of the later executive order applicable to the Police Department, and that no such rules or regulations were promulgated pursuant to the later separate executive order. After promulgation of the separate executive order, the petitioner PBA, in August, 1963, applied for and was certified as the exclusive collective bargaining representative of all patrolmen of the New York City Police Department except those assigned to the Detective Bureau. The PBA specifically excluded detectives from its application. The respondent-intervenor DEA at about the same time, in August, 1963, applied for and was certified as exclusive collective bargaining representative of detectives.
During the year following the certification of these organizations, the PBA negotiated an agreement with the City of New York relative to wage and labor conditions of patrolmen. PBA asserts that during this period the DEA conducted no such bargaining, which led to a substantial number of complaints by detectives who were members of the DEA and who, because of their prior status as patrolmen, retained membership in the PBA. Based thereon, it is asserted by petitioner that PBA requested an election to be held to determine which of the two organizations should be certified as representative of the detec *245 tives. Respondent then notified PBA that under its rules and regulations such request could be honored only after the expiration of one year from the date of certification of the organization to be contested. This one-year period expired August 6, 1964, and after that date petitioner filed a request for a certification election. Upon receipt of that request and the filing of objections thereto by the DBA, the Department of Labor of New York City conducted a hearing on this matter. The hearing was extensive, and representatives of various organizations which represented different types of policemen appeared and testified. Several objections were there raised by the DBA concerning the PBA’s qualifications to represent detectives. After the hearing, on October 26, 1964, respondent issued a decision which denied petitioner’s request for a certification election. The sole basis adopted for the denial was that the DBA ‘1 through no fault or lack of diligence on its part, has never had the opportunity to bargain collectively with representatives of the City of New York.” Respondent Commissioner went on to state that:
‘ ‘ While it is true that under the general rule, certificates of representation are normally free from challenge for a period of only one year, Paragraph 5 of the Mayor’s Executive Memorandum empowers the Commissioner of Labor ‘ to determine, in the interests of effectuating the policies herein declared, when special circumstances require that a particular certification be revoked or shall remain free from challenge or attack for a period either longer or shorter than one year. ’
11 In view of the unusual circumstances here present, it is my opinion that the life of the collective bargaining certificate, heretofore issued by this Department to the detectives endowment association, inc., should be extended, at least, until such time as the detectives endowment association, inc., shall have had a full and complete opportunity to bargain collectively with the City of New York for wages, working conditions, etc., for 1st, 2nd and 3rd grade detectives in the Police Department.” Accordingly, the petition of respondent for a certification election was denied, without prejudice to a renewal “ after the minimum life of the certificate * * * shall have expired.”
The first question proposed herein concerns the court’s power to review this decision. Respondent Commissioner argues that, as the Mayor’s Executive Memorandum is not a law, there can be no review of decisions promulgated by those charged with its administration; for there would be, by definition, no violation of a right given by law in such circumstances (see Matter of Martin Epstein Co. v. City of New York, 31 Misc 2d 759; City of New Rochelle v. Beckwith, 268 N. Y. 315; Matter of Goldberg *246 v. Wagner, 9 Misc 2d 663). However, a recent decision contains a contrary indication. In Matter of Patrolmen’s Benevolent Assn. of City of N. Y. v. Wagner (17 Misc 2d 42, mod. 8 A D 2d 369, affd. without opn. 7 N Y 2d 813, cert. den. 363 U. S. 810), this court, at Special Term, denied a petition for an order requiring the Mayor to establish departmental grievance procedures with the uniformed members of the Police Department, in accordance with an executive order previously issued. The court, at Special Term, based its denial upon the fact that the respondents recognized petitioner’s problem and were talcing appropriate steps to remedy the defects in the existing procedure. However, the Appellate Division, in modifying that decision, interpreted the provisions of the executive order concerned and, based upon that interpretation, dismissed the petition on the merits. In so doing, that court stated, at pages 372-373, that the interpretations given to the executive order by the Mayor and the then Commissioner of Labor were “ consistent with the provisions of the Interim and Executive Orders and therefore should be given effect.” This language carries the clear implication that, if the interpretations were inconsistent with the provisions of the orders concerned, they would not be given effect. Accordingly, it appears clear that there has been a recent determination that this court has the power, at least, to determine whether actions of city officials are consistent with provisions of executive orders of the Mayor of the City .of New York. However, the court went on to note in the last-cited case (p. 373) that — “ It is not for the courts to establish or evaluate administrative policies pertaining to the relation between the City of New York and its employees. We may only adjudicate the power of the respondents and the extent thereof in the promulgation of such policies. The courts may intrude only to a very limited extent upon the policy-making powers of the respondent Mayor of the City of New York which involve complex, difficult and controversial matters in a very sensitive area of employer-employee relations between the city and its thousands of employees.” Based on that recognition and the fact that the matters raised in the petition were still under consideration by the city department, the court held that the petition should be dismissed.
In the instant case, petitioner’s acts in contesting the certification of the DEA as collective bargaining representative have, apparently, formed one of the bases for the inability of the DEA to conduct collective bargaining proceedings. The question thus posed is whether the respondent Commissioner’s action in postponing any challenge to the DEA’s certification *247 until such time as that organization might have had the opportunity to conduct adequate collective bargaining with the city, was arbitrary and capricious (see People ex rel. Empire City Trotting Club v. State Pacing Comm., 190 N. Y. 31; Matter of Schwab v. McElligott, 282 N. Y. 182). Executive order specifically conferred upon the respondent Commissioner the right to certify a collective bargaining representative for a period longer than one year. The specific language states that certification is “ normally to remain in effect for a period of one year from this date.” On the face of this express language, and in view of the limited power of the court in this area as noted in the quotation contained above, this court cannot adopt petitioner’s argument that the Commissioner is restricted to issuance of one-year certificates only. Further, the record contains sufficient evidence to uphold the respondent Commissioner’s determination that, on the peculiar facts there presented and in view of the newness of the certification, additional time should be afforded the DEA to conduct collective bargaining. Accordingly, the petition is dismissed, without prejudice, however, to a renewal no earlier than six months from this date.