Lawrence H. Cooke, J.
Respondents move “for an order pursuant to CPLR § 7804(f) dismissing the petition upon the ground that it is insufficient in law in that the petition does not state facts sufficient to entitle petitioner to the relief sought.”
The petition alleges, in substance and among other things, that respondents offered for bids a certain project, that peti *348 tioner submitted a bid and was the “ low bidder ” thereon, that one of respondents notified petitioner that it was ‘ ‘ cancelling the bidding ” and would submit the project for rebidding, that petitioner has duly performed all the terms and conditions of the proposal in order to obtain the contract on its part to be performed and that respondents have failed and refused to perform all the terms and conditions of the contract on their part to be performed and have refused to enter into a contract with petitioner although petitioner was the low bidder. One affidavit submitted with the petition recites that the action of respondents was entirely unwarranted and another submitted at the time of argument states that the rejection of petitioner’s bid was ‘ ‘ arbitrary, capricious and an abuse of discretion. ’ ’
The sole question before the court, at this juncture, is whether the petition sets forth a good cause of action (Matter of Ciminera v. Sahm, 4 N Y 2d 400, 402) but affidavits may support the petition and may be considered in favor of its allegations (Matter of Honolulu v. 5th Ave. Coach Lines, 32 Misc 2d 889, 890; Matter of Epstein Co. v. City of New York, 31 Misc 2d 759; Matter of Yonkers' Bus v. Maltbie, 23 N. Y. S. 2d 87, 90, affd. 260 App. Div. 893; 22 Carmody-Wait, New York Practice, p. 488). Although the express statement in former Civil Practice Act section 1288 that the petition ‘ ‘ may be accompanied by affidavits and other written proof ” does not appear in CPLR 7804 (subd. [d]), it is clear that no change was intended in this regard (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.06).
It appears that respondent Superintendent had the power to reject any or all proposals in regard to the project in question if he deemed the best interests of the State would be promoted thereby (Public Buildings Law, § 8, subd. 4) unless his action was arbitrary, capricious or unreasonable (Matter of Bielec Wrecking & Lbr. Co. v. McMorran, 21 A D 2d 949, 950; Matter of Kayfield Constr. Corp. v. Morris, 15 A D 2d 373; Matter of Caruci v. Dulan, 41 Misc 2d 859, 862; Arensmeyer, Warnock, Zarndt v. Wray, 118 Misc. 619, 620).
According to petitioner the usual favorable rules of construction (see CPLR 104, 3013, 3026; Clevenger v. Baker Voorhis & Co., 8 N Y 2d 187, 188; Dulberg v. Mock, 1 N Y 2d 54, 56; Matter of Policemen’s Ben. Assn. v. Board of Trustees, 21 A D 2d 693, 695; Foley v. D'Agostino, 21 A D 2d 60, 65; Matter of Hassett v. Barnes, 11 A D 2d 1089; Grimm v. City of Buffalo, 8 A D 2d 689; People ex rel. Brooklyn Union Gas Co. v. Miller, 253 App. Div. 162, 164-165; Matter of Glen Truck Sales & Serv. v. Sirignano, 31 Misc 2d 1027, 1028; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.03) and recognizing that the actual *349 factual material before respondents is not now before the court (cf. Matter of Nedles Land Corp. v. Town of Brookhaven, 20 A D 2d 648), the petition, supported by the affidavits submitted by petitioner, cannot be said to be insufficient as a matter of law (cf. Matter of Kayfield Constr. Corp. v. Morris, 14 A D 2d 769; Matter of Tarshes v. Waterfront Comm., 10 Misc 2d 973, affd. 7 A D 2d 904; 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.08). A substantial portion of the material submitted, such as the memorandum of the general supervisor of building construction, goes to the merits of the controversy rather than to the sufficiency of the pleading attacked.
(Cf. Matter of Zara Contr. Co. v. Cohen, 45 Misc 2d 497, 498-499, affd. 23 A D 2d 718.)
Motion denied, the respondents to serve and file their answer to the petition within 10 days after service upon their attorney of a copy of the order to be entered hereon with notice of entry and petitioner, upon service of such answer by respondents, may renotice the within proceeding for hearing upon notice of two days to respondents (CPLR 7804, subd. [f]).