Carrollton A. Roberts, J.
This is a motion to dismiss an article 78 petition pursuant to CPLR 7804, (subd. [f]), for alleged legal insufficiency, and further by reason of the alleged fact that petitioners are not aggrieved parties within the *569 meaning of the applicable statute (General City Law, § 82, subd. [1]).
Neither the petition nor the answering affidavit alleges that the petitioner Park-Oxford Neighborhood Association owns any property in the immediate vicinity of the subject property. Nor does any claim of property ownership appear to have been made during the zoning hearing on this matter. It is irrelevant that neighborhood associations by custom and practice may be permitted to appear in a representative capacity before Rochester administrative agencies. This is a judicial proceeding and absent statutory revision this court is bound by prior case law. Accordingly, the motion to dismiss the petition as to the Park-Oxford Neighborhood Association, striking the Association as a party, should be granted. (Matter of Manor Woods Assn. v. Randol, 29 A D 2d 778; Matter of Lido Beach Civic Assn. v. Board of Zoning Appeals, 13 A D 2d 1030; Matter of Miller v. Dorrler Aes. 1 A D 2d 975; Matter of Property Owners Assn. of Garden City Estate v. Board of Zoning Appeals, 2 Misc 2d 309, 312.)
With respect to the remaining petitioners, there is no question that they have alleged generally acceptable grounds for challenging the propriety of a decision by a Zoning Board of Appeals, namely, property depreciation (Steers Sand & Gravel Corp. v. Brunn, 116 N. Y. S. 2d 879) and traffic congestion (Matter of Lemir Realty Corp. v. Larkin, 11 N Y 2d 20; Matter of Young Men’s Christian Assn. v. Burns, 13 A D 2d 1009).
With regard to the argument that the remaining petitioners are not aggrieved parties with standing to challenge the decision of the Zoning Board of Appeals, suffice it to say that any party owning property within the immediate vicinity of the subject property, given the allegations of depreciation and traffic congestion, has standing to seek an article 78 review of a decision by a Zoning Board of Appeals and this rule would apply regardless of the fact that the property is no closer to the subject property than 500 yards or a quarter of a mile and out of sight of the subject property. (Matter of Virgo v. Zoning Board of Appeals, 28 Misc 2d 886; Matter of Manor Woods Assn. v. Randol, supra; Matter of Libby v. Angevine, 17 Misc 2d 80, 82, affd., 8 AD 2d 474.) The thrust of all these cases is simply this: the distance of property owned by petitioners from the subject in terms of precise measurements is irrelevant if, within all of the facts adduced by the papers before the court, it can be said that the property is within the immediate vicinity of the subject. Here, it seems that the Benton property certainly is within the immediate vicinity of the subject and the *570 the properties of the other petitioners, given their location within the East Avenne Landmark and Preservation District, to which the subject is in close proximity, similarly are within the immediate vicinity of the subject.
Accordingly, with the exception of the Park-Oxford Neighborhood Association, the relief requested in the motion to dismiss the petition should be in all respects denied, at least until the relevant facts can be more fully developed on the return of the defendants and upon any subsequent hearing. (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7804.08, pp. 78-83, 78-84; Matter of Ciminera v. Sahm, 4 N Y 2d 400; Matter of Kavfield Constr. Corp. v. Morris, 14 A D 2d 769; Matter of Friedman, 271 App. Div. 870; Matter of Tarshes v. Waterfront Comm., 10 Misc 2d 973.)
The denial of this motion is without prejudice to its later renewal as the facts may warrant.