OPINION OF THE COURT
D. Bruce Crew, III, J.
Petitioner has commenced a CPLR article 78 proceeding pursuant to section 30.58 (C) (9) of the Ithaca Municipal Code and section 82 of the General City Law for judicial review of a decision of the board of zoning appeals dated September 6, 1983. The board of zoning appeals moved to dismiss the petition and the petitioner cross-moved to amend the petition. At the time of argument of the motions the board of zoning appeals stated that for its motion to dismiss it was relying only on the ground that petitioner lacked standing, and that it was withdrawing the other objections asserted in its motion papers. The board’s withdrawal of its other objections indicates that it does not oppose petitioner’s cross motion to amend the petition to *915 designate the Grand Knight in his representative capacity, and that motion is therefore granted.
Central to determination of respondents’ motion is whether petitioners are aggrieved persons pursuant to the provisions of the Ithaca Municipal Code and the General City Law. It is uncontroverted that petitioners own property situate at 302 West Green Street in the City of Ithaca while the subject property is located at 314 West State Street in the City of Ithaca, the properties being within one block of each other. It is clear, therefore, that petitioners are property owners within the immediate vicinity of the subject property. Additionally, petitioners have alleged generally acceptable grounds for challenging the propriety of a decision by a zoning board of appeals, namely, property depreciation and traffic congestion (e.g., Daly v Eagan, 77 Misc 2d 279; Matter of Mueller v Anderson, 60 Misc 2d 568).
Respondents bottom their argument on the fact that petitioners’ property is not within 200 feet of the subject property. This argument is based upon a provision of the Ithaca Municipal Code requiring notice to be mailed to all property owners within 200 feet of the boundary of a lot under consideration for a variance (Ithaca Municipal Code, § 30.58 [C] [5]). The City of Ithaca undoubtedly has the right to require that, beyond the notice given by publication to the general public, those most likely to be directly affected by a variance be given individual notice of the application. However, legislative determination of who should receive personal notice cannot serve to foreclose judicial review to other persons who are in fact affected by a change in the neighborhood arising from the granting of a variance. That persons outside the legislatively drawn 200-foot circle may be affected is the very basis of the requirement that notice be given to the public at large by means of publication. As most appropriately observed in Matter of Mueller (supra, p 569): “the distance of property owned by petitioners from the subject [property] in terms of precise measurements is irrelevant if, within all of the facts adduced by the papers before the court, it can be said that the property is within the immediate vicinity of the subject [property].” In other words, “the immediate vicinity” is determined not by an immutable distance formulation, but by the particular facts as to the area over which *916 the change will cause property value diminution, traffic congestion, or the like sufficient in magnitude to establish that the person complaining is in fact aggrieved.
Accordingly, the motion to dismiss the petition is denied, with leave to the respondents to answer the petition within 20 days of service of the order herein with notice of entry thereof, such denial being without prejudice to its later renewal as the facts may warrant on. the return of the respondents or upon any subsequent hearing.