DIANE J. GEITHMAN, Appellant, v ARTHUR E. HERMAN, Respondent. —Appeal from an order of the Supreme Court at Special Term, entered March 29, 1976, which granted defendant's motion to dismiss plaintiff's complaint, and vacated so much of an order dated March 12, 1976 as discharged a *lis pendens,* and ordered the reinstatement of said *lis pendens* pending appeal, and from the judgment entered thereon. Plaintiff brought an action to compel specific performance of an alleged written contract for the sale of real property. The document dated September 5, 1973 contains a printed or typewritten clause whereby defendant agreed to sell Lot No. 15, Woodland Estates (plaintiff is the owner of, and resides upon the adjacent Lot No. 14) for $4,500 "when and if the Rensselaer County Health Department approves the said lot". It also contains a handwritten provision requiring the "[o]ption to be exercised within thirty days after notified of approval". Neither clause sets forth whether or not it was the duty of defendant to notify plaintiff of the requisite approval. Sometime in 1974, the requisite approval was obtained. Plaintiff contends she was not notified. In August, 1975, defendant commenced construction of a residence on Lot No. 15, which was allegedly 80% complete when, on October 17, 1975, plaintiff notified defendant that she had not waived her rights under the agreement, and allegedly 99% complete on November 3, 1975, the date the option was purportedly exercised. In denying plaintiff's motion for summary judgment ordering specific performance, and granting summary judgment to the defendant, Special Term was of the view that the document in question was too vague and indefinite to be enforceable, and that, in any event, plaintiff, although she may never have received formal notification of approval, was under a duty of inquiry when she learned that construction had commenced, and having failed to make any inquiry or otherwise attempt to enforce her rights until more than 30 days after she first became aware of the existence of some problem, was guilty of laches. We are of the view that in consideration of the uncontested allegations and such documents as appear in the

record, plaintiff has failed to establish her entitlement to relief. We are satisfied that the agreement of September 5, 1973 granted plaintiff an option, nothing more, and her correspondence of November 3, 1975 to defendant together with her attorney's cover letter clearly confirm this. It is not clear, however, when the 30-day period should be deemed as having commenced, for the agreement does not establish who was to seek health department approval, who would have to be notified, or the method of notification. Construing the agreement most favorably to plaintiff would lead to the conclusion that the 30-day period would not commence until she was somehow put on notice that approval had been forthcoming. However, one who seeks equity must do equity, and it cannot be open to serious dispute that plaintiff, who by her own averments knew that approval was a condition precedent to the commencement of construction on Lot No. 15, must have been aware that approval had been obtained when, sometime in August, 1975, she became aware, again according to her own affidavit, that defendant had entered into Lot No. 15 with equipment and machinery. In these circumstances, by failing to attempt to exercise her option until more than two months after the end of August, 1975, plaintiff was properly found by Special Term to have been guilty of laches so as to be disentitled to equitable relief. Judgment affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.