■ In the Matter of BURNS PHARMACY OF RENSSELAER, INC., et al., Appellants-Respondents, v FRED CONLEY et al., Constituting the Zoning Board of Appeals of the City of Rensselaer, Respondents, and CARL P. PALADINO et al., Intervenors-Re-

spondents-Appellants.—Kane, J. Cross appeals, by permission, from an order of the Supreme Court (Travers, J.), entered December 9, 1987 in Rensselaer County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the City of Rensselaer granting area variances to intervenor Jacobi Development Company, Inc.

Petitioners commenced this proceeding challenging a determination of the Zoning Board of Appeals of the City of Rensselaer (hereinafter the Board) which granted certain area variances to intervenor Jacobi Development Company, Inc., to demolish an existing building and construct a new building for a Rite-Aid pharmacy. Supreme Court, after deciding that petitioners had standing, dismissed their petition on the ground that the Board's decision was rationally based. Supreme Court thereafter granted permission to petitioners to appeal this determination; intervenors were also granted permission to appeal on the issue of petitioners' standing to sue.

Initially, we note that the project was apparently completed during the pendency of this appeal. This, coupled with petitioners' failure to seek injunctive relief during the course of litigation, renders the controversy moot and, accordingly, the appeal should be dismissed (see, Matter of Serafin v Wallace, 117 AD2d 926; see also, Matter of Friends of Pine Bush v Planning Bd., 86 AD2d 246, affd 59 NY2d 849).

Even if the appeal was not deemed moot, we would nevertheless be constrained to disagree with Supreme Court's finding that petitioners had standing to commence this proceeding. Only persons aggrieved by a decision of a zoning board of appeals may pursue a CPLR article 78 proceeding (see, General City Law § 82). In this case, for petitioners to have standing they must have satisfied two requirements: that they were adversely affected by the Board's decision and that their asserted interests were within the zone of interests that the particular regulations were designed to protect (see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, 69 NY2d 406, 413-414). The first requirement is satisfied by a showing that petitioners "sustained special damage, different in kind and degree from the community generally" (supra, at 413). This petitioners failed to do. In this case petitioners are a pharmacy and its two owners. The pharmacy is located approximately three blocks from the proposed Rite-Aid pharmacy, a distance of about 1,000 feet to 1,500 feet. The only allegation of injury they asserted concerned the threat of increased business competition. The Court of Appeals has

specifically determined that such a threat is not an interest protected by the zoning laws so as to confer standing *(supra, at 415; Cord Meyer Dev. Co. v Bell Bay Drugs,* 20 NY2d 211, 215).

We also reject petitioners' assertion that because of the close proximity of their establishment to the proposed site, no proof of actual injury was necessary to meet the first requirement. The distance here of 1,000 feet to 1,500 feet was, in our view, far enough away from the subject property to negate an otherwise permissible inference of injury *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, supra,* at 414). When standing has been conferred as a matter of law due to proximity, the distances have been much closer than the distance involved here *(see, e.g., Matter of Gaona v Town of Huntington Zoning Bd. of Appeals,* 106 AD2d 638, 639 [property within 700 feet of subject building and adjoined westerly border of subject site]; *Matter of Prudco Realty Corp. v Palermo,* 93 AD2d 837, *affd* 60 NY2d 656 [property within 200 feet of subject premises]). The subject site in this case is in the city where three blocks is a considerable distance. Petitioners are far enough away so that it is unlikely that any parking problems will affect them or that they will suffer from any resulting traffic congestion. We find *Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd.* (69 AD2d 320), which petitioners cite for support, inapposite. In *Tuxedo,* standing was upheld for those who lived from 100 feet to 1,500 feet from the subject property. However, that case involved the erection of a 3,900-unit residential complex in a town with a population of 2,967, an undertaking of a much larger magnitude than that involved in this case.

Even if we accepted petitioners' claim that they were sufficiently proximate to the subject site, they still failed to meet the second requirement, that of falling within the zone of interest to be protected. The only allegation of interest asserted by petitioners was that the area could not support two pharmacies. There were no allegations of depreciation in the value of their property, traffic congestion or other interests recognized as protected by the zoning laws *(cf., Matter of Knights of Columbus v Weaver,* 121 Misc 2d 914, 915). As previously noted, the threat of increased business competition is not a protected interest, and since petitioners asserted no other cognizable interests they lacked standing to sue.

Appeals dismissed, as moot, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.