■ In the Matter of HARRY E. HARBOUR et al., Appellants, v

---

2. In this respect, we disagree with the Court of Claims' dictum that agency by estoppel was established as a matter of law.

FRED RIEDELL, JR., et al., Individually and Constituting the Village of Menands Zoning Board of Appeals, et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered January 17, 1990 in Albany County, which, in a proceeding pursuant to CPLR article 78, *inter alia,* granted a motion by respondents Fred Riedell, Jr., Peter Nicpon and John Murphy to dismiss the petition against them for lack of jurisdiction.

In December 1989, petitioners commenced this proceeding to challenge a decision of the Village of Menands Zoning Board of Appeals granting petitioners' neighbor, respondent Thomas Morrissey, a six-foot area variance for their property in Albany County. The variance allowed Morrissey to construct a garage "not * * * less than 4 feet from [petitioner's] * * * property line"; the zoning ordinance requires a minimum side yard set back of 10 feet. After oral argument on December 15, 1989, at which petitioners failed to appear, Supreme Court dismissed the petition. What occurred at oral argument does not appear in the record.

Immediately thereafter, petitioners moved for an order excusing their failure to appear or alternatively to reargue, and on January 30, 1990 they filed a notice of appeal. In addition, on May 25, 1990, after learning that 10 days earlier a building permit had been issued by the Village regarding construction of the aforementioned garage, petitioners mailed to Supreme Court a proposed order to show cause requesting a preliminary injunction directing Morrissey to refrain from building the garage. These applications were never addressed; whether the court intentionally or inadvertently declined the stay is not developed in the record. No further action was apparently taken by petitioners.

Although petitioners proceeded with alacrity in an attempt to safeguard their appeal and therefore cannot be charged with being guilty of laches *(compare, Matter of Friends of Pine Bush v Planning Bd.,* 86 AD2d 246, 247-248, *affd* 59 NY2d 849), the fact remains that this controversy has been rendered moot. As noted by counsel during oral argument before this court, construction of the garage was completed during the pendency of this appeal *(see, Matter of Burns Pharmacy v Conley,* 146 AD2d 842, 843; *Matter of Serafin v Wallace,* 117 AD2d 926; *Matter of Friends of Pine Bush v Planning Bd., supra,* at 247). As the controversy does not fall within any of the articulated exceptions to the mootness doctrine *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715), the appeal must be dismissed.

Appeal dismissed, as moot, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Crew III, JJ., concur.