■ In the Matter of CENTER SQUARE ASSOCIATION, INC., et al., Appellants, v BOARD OF BUILDING, ZONING AND HOUSING APPEALS OF THE CITY OF ALBANY, Respondent. [599 NYS2d 897] — Mercure, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered March 30, 1992 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent granting a use variance to State Street Mansion House, Inc.

In August 1990, Lee Simmons, Jr. and others formed State Street Mansion House, Inc. (hereinafter SSMH) and purchased the property at 281 State Street in the City of Albany, with full knowledge that it was zoned for multifamily residential use. The property, previously occupied by the Albany Bible Institute and as a community residence, is improved with a three-floor structure containing approximately 10,400 square feet. SSMH eventually obtained a use variance from respondent for a 12-bedroom bed and breakfast restaurant and two apartments. Petitioners then commenced this proceeding seeking to annul respondent's determination. Supreme Court found, *inter alia,* that respondent's determination was supported by the evidence in the record and that any self-imposed hardship was overcome because the former uses for the property had become obsolete. Supreme Court therefore entered judgment dismissing the petition. Petitioners appeal.

At the argument on this appeal, counsel noted that the structure had already been altered and occupancy certificates issued. Because the completion of the work during the pendency of this appeal renders the controversy moot and petitioners failed to seek injunctive relief during the pendency of this proceeding, the appeal should be dismissed *(see, Matter of Harbour v Riedell,* 172 AD2d 920, 921; *Matter of Burns Pharmacy v Conley,* 146 AD2d 842, 843; *Matter of Serafin v Wallace,* 117 AD2d 926, 926-927; *Matter of Friends of the Pine Bush v Planning Bd.,* 86 AD2d 246, 248, *affd* 59 NY2d 849).

Yesawich Jr., J. P., Levine, Mahoney and Harvey, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.