**20** In the Matter of RAYMOND CAPRARI et al., Appellants, v TOWN OF COLESVILLE et al., Respondents. (Proceeding No. 1.) RAYMOND CAPRARI et al., Appellants, v JONATHAN C. GAFFNEY, Respondent. (Action No. 1.) In the Matter of RAYMOND CAPRARI et al., Appellants, v ZONING BOARD OF APPEALS OF THE TOWN OF COLESVILLE et al., Respondents. (Proceeding No. 2.) [605 NYS2d 157] —Mercure, J. Appeals (1) from a judgment of the Supreme Court (Rose, J.), entered May 28, 1992 in Broome County, which, in a proceeding (No. 1) pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as time barred, (2) from an order of said court, entered August 18, 1992 in Broome County, which denied plaintiffs' motion in action No. 1 for a preliminary injunction, and (3) from a judgment of said court, entered August 19, 1992 in Broome County, which, in a proceeding (No. 2) pursuant to CPLR article 78, dismissed petitioners' application to annul determinations by respondent Zoning Board of Appeals of the Town of Colesville, *inter alia,* ruling that a building permit was properly issued.

Jonathan C. Gaffney owns property in the Town of Colesville, Broome County. In 1987, Gaffney constructed a 3,600-square-foot building on the property which he uses for the refurbishing of classic automobiles. In 1991 Gaffney applied for a building permit to construct a second structure of similar size for the storage of classic cars. Following a determination by the Town of Colesville Zoning Board of Appeals that the proposed structure was permitted as an accessory use, a building permit was issued on March 21, 1992 and the building was subsequently constructed. Proceeding No. 1 and action No. 1 were commenced by adjoining landowners (1) to annul the Zoning Board determination and invalidate the

building permit and (2) to enjoin construction of the proposed building and use of the existing structure as illegal and a nuisance. Another group of adjoining landowners commenced proceeding No. 2 to challenge, *inter alia,* a subsequent Zoning Board determination that the building permit was properly issued. Supreme Court dismissed proceeding No. 1 and proceeding No. 2 and denied plaintiffs' motion for a preliminary injunction in action No. 1. The petitioners or plaintiffs in each proceeding or action appeal.

It appears that, by the time plaintiffs in action No. 1 sought a preliminary injunction, the proposed building was substantially constructed. We were advised at oral argument that the building was then completely constructed. In view of petitioners' and plaintiffs' failure to timely safeguard their interests by seeking an injunction, despite the obvious presence of ongoing construction on Gaffney's property, the proceedings and action are barred by the doctrine of laches and rendered moot *(see, Matter of Center Sq. Assn. v Board of Bldg., Zoning & Hous. Appeals,* 195 AD2d 684; *Matter of Stockdale v Hughes,* 189 AD2d 1065, 1068; *Matter of Friends of Pine Bush v Planning Bd.,* 86 AD2d 246, 248, affd 59 NY2d 849).

Mikoll, J. P., Yesawich Jr., Crew III and Cardona, JJ., concur. Ordered that the appeals are dismissed, as moot, without costs.