■ In the Matter of RICHARD NASELLI, Appellant, v MICHAEL GRIBUSKI et al., Respondents. [616 NYS2d 302] —Appeal unanimously dismissed without costs as moot *(see, Matter of Center Sq. Assn. v Board of Bldg., Zoning & Hous. Appeals,* 195 AD2d 684; *Matter of Harbour v Riedell,* 172 AD2d 920; *Matter of Burns Pharmacy v Conley,* 146 AD2d 842; *Matter of Serafin v Wallace,* 117 AD2d 926). (Appeal from Judgment of Supreme Court, Jefferson County, Gilbert, J.—Article 78.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.

■ ANGELO R. CONIGLIO et al., Respondents, v LEISURE RINKS SOUTHTOWN, INC., et al., Defendants, and MASKA U.S., INC., Appellant. [616 NYS2d 302] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint against defendant Maska U.S., Inc., dismissed. Memorandum: Supreme Court erred in failing to grant the motion of Maska U.S., Inc. (Maska) for summary judgment dismissing the entire complaint against Maska. Maska demonstrated its entitlement to judgment in its favor as a matter of law by the submission of evidentiary proof in admissible form establishing that it is not a successor corporation to CCM, Inc. (CCM), the company that manufactured the hockey helmet worn by plaintiff Angelo R. Coniglio (plaintiff) at the time he sustained injuries. Maska further established that it did not purchase any assets of CCM and that it had no "special relationship" with plaintiff as a customer of CCM. Plaintiffs failed to tender evidence in admissible form to show "facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]). Therefore, there is no basis to impose liability on Maska for the torts of CCM under the principles enunciated in *Schumacher v Richards Shear Co.* (59 NY2d 239) and its progeny *(see, e.g., Sullivan v Joy Mfg. Co.,* 70 NY2d 806). (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Summary Judgment.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.