■ WILLIAM C. UGHETTA et al., Appellants, v JOSEPH J. BARILE, Respondent. [619 NYS2d 805] —Mikoll, J. P. Appeal from an order of the Supreme Court (Viscardi, J.), entered March 4, 1994 in Essex County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

In August 1986, defendant was the successful bidder on a 2.56-acre parcel of property located in the Village of Lake Placid, Essex County, which was offered for sale by Placid Memorial Hospital (hereinafter the hospital). Prior to closing, defendant agreed to sell 1.74 acres of the parcel to plaintiffs William C. Ughetta and Mary L. Ughetta. On September 25, 1986, the hospital deeded 1.74 acres to the Ughettas and the remaining 0.82 acre to defendant. Defendant granted the Ughettas a first refusal option to purchase the 0.82 acre in the event he subsequently were to sell it.

The Village issued defendant a building permit on September 30, 1986 authorizing modification of the existing boathouse and construction of an addition thereto, which would convert the boathouse to a permanent residence. On April 9, 1987, the Adirondack Park Agency (hereinafter APA) issued a nonjurisdictional letter to defendant based on a letter application from his attorney. Upon consideration of a "follow-up" letter dated April 30, 1987, the APA issued a further nonjurisdictional letter to defendant on June 12, 1987 relating to the modifications. The modifications were complete by the end of 1987 when defendant moved into the structure on a year-round basis. Thereafter, defendant obtained another building permit

from the Village authorizing the construction of a garage with a guesthouse above it. These were completed and a certificate of occupancy issued in July 1991. Defendant also began construction of a new boathouse on the property in May 1991.

This action was commenced by the Ughettas against defendant in July 1991 alleging, *inter alia*, that defendant violated certain zoning regulations, regulations of the APA and provisions of the Adirondack Park Agency Act. The Ughettas sought removal of the kitchen and bathroom amenities in the boathouse and the demolition of the addition to the boathouse, the garage, the guesthouse and the new boathouse. Upon commencing the action, the Ughettas also filed a notice of pendency against the property. An answer was served followed by an amended complaint bringing in other neighboring property owners as plaintiffs in the action. Following service of the pleadings and the completion of some discovery, defendant moved for summary judgment dismissing the complaint and vacating the notice of pendency against the property. Supreme Court granted the motion over plaintiffs' opposition and held that plaintiffs lacked standing to maintain a private action to enjoin the claimed zoning violation. Plaintiffs appeal from the order entered thereon.

The appeal herein should be dismissed as moot. The completion of the improvements which are the subject of this appeal and which plaintiffs seek to have demolished render this appeal moot *(see, Matter of Caprari v Town of Colesville,* 199 AD2d 705, 706; *Matter of Center Sq. Assn. v Board of Bldg., Zoning & Hous. Appeals,* 195 AD2d 684; *Matter of Harbour v Riedell,* 172 AD2d 920, 921). The record indicates that the addition to the boathouse was completed in 1987 and the garage and guesthouse in July 1991. Moreover, the Ughettas had knowledge of defendant's intentions to improve the premises through disclosure in the deed and the open construction of such improvements. The Ughettas gained knowledge of defendant's intentions through their review and approval of engineering blueprints detailing the boathouse renovations and expansion, as revealed by the affidavit of defendant sworn to on October 22, 1993. It also appears that the Ughettas did not complain to the APA about the improvements until after they were completed and did not legally challenge defendant's actions until July 1991 when they began this action. Additionally, plaintiffs never sought injunctive relief to stop further construction during the pendency of this action. Plaintiffs are therefore guilty of laches barring them from maintaining this action to enforce the zoning ordinance *(see, Matter of Stock-*

*dale v Hughes,* 189 AD2d 1065, 1067-1068; *Matter of Harbour v Riedell, supra,* at 921).

We note that the argument as to whether this appeal has been rendered moot by virtue of a subsequent settlement agreement entered into by defendant and the APA in an administrative proceeding is not properly before this Court as it is based on matters outside the record on appeal and we decline to consider it *(see, Chimarios v Duhl,* 152 AD2d 508, 509).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the appeal is dismissed, as moot, with costs.