■ In the Matter of LAKE GEORGE ASSOCIATION, INC., Appellant, v LAKE GEORGE PARK COMMISSION et al., Respondents. [623 NYS2d 426] —Peters, J. Appeal from a judgment of the Supreme Court (White, J.), entered October 22, 1993 in Essex County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Lake George Park Commission granting respondent Robert D. S. Condit a variance for the construction of docks.

Respondent Robert D. S. Condit owns a marina on Lake George in the Town of Ticonderoga, Essex County. In 1990, he was granted a class A marina permit from respondent Lake George Park Commission (hereinafter the Commission) which authorized the docking of 40 vessels and two moorings. In June 1990, Condit sought to convert the marina into a private harbor club. Since the project included, inter alia, removing the existing docks and boathouse and replacing them with three new 125-foot nonconforming docks, Condit was required to obtain a variance from the Commission (see, 6 NYCRR subpart 645-8). Although the Commission granted Condit the

variance, the Adirondack Park Agency denied Condit's application to proceed with the project.

In August 1992, Condit submitted a modification of his previous application and requested only a variance to construct the three docks. The Commission conducted a public hearing to accept comments on the application, then adjourned its consideration thereof to accept additional evidence on the issue of Condit's financial hardship. Condit thereafter submitted letters from his bank and his accountant, copies of tax returns, an appraisal of the marina and a personal statement from himself and his wife. Petitioner opposed the variance and recommended denying the application. In March 1993, the Commission agreed to modify the prior permit and grant a variance to construct three 125-foot docks. Petitioner commenced this CPLR article 78 proceeding seeking to annul the Commission's determination. Supreme Court dismissed the petition and petitioner appeals. We affirm.

The Commission is an agency created pursuant to ECL article 43 to, *inter alia,* "preserve, protect, conserve and enhance" (ECL 43-0101) Lake George and its surrounding land by regulating the utilization of the lake and its vicinity *(see,* ECL 43-0101, 43-0107). Included within its scope of authority is the power to establish land use zones and the regulation of docks *(see,* ECL 43-0107, 43-0117). Regulations were promulgated to assist the Commission in the administration of the Lake George park *(see generally,* 6 NYCRR parts 645, 646). While such regulations provide, *inter alia,* that the construction, placement, modification and enlargement of a dock, wharf or mooring on the waters of Lake George may not be done without a permit *(see,* 6 NYCRR 646-1.1 [a]), they additionally restrict, *inter alia,* configuration and dock size *(see,* 6 NYCRR 646-1.1 [c]). Should a variance be sought, the procedures and standards are well specified *(see,* 6 NYCRR 645-8.2, 645-8.3). As detailed therein, "[n]o variance shall be granted under this Subpart unless the applicant shall establish by substantial, credible evidence unnecessary hardship" (6 NYCRR 645-8.3 [a]). Such regulations further define four factors that an applicant must address to sustain a showing of "unnecessary hardship" *(see,* 6 NYCRR 645-8.3 [b]). Hence, in finding that the language of the regulation details a specific framework from which the Commission determines whether an applicant has sustained its burden by substantial credible evidence, petitioner's reliance on common-law definitions of unnecessary hardship is rejected.

Mindful that the Commission's determination will be upheld

if it has a rational basis in the record and is supported by substantial evidence *(see, Matter of Fuhst v Foley,* 45 NY2d 441, 444), we note that the marina is located on the most extreme northern end of Lake George, thus placing Condit and the marina at an economic disadvantage. More significantly, the natural dam and rock shoals located at the north end of Condit's property present safety hazards to boats and boaters at the marina. These conditions could be substantially eliminated with the construction of the 125-foot docks since they would serve as barriers to prevent boats from traveling into that area of the lake and striking the shoals. It was in light of the unique conditions of Condit's property that the next standard of whether "there is no reasonable possibility that the applicant's property * * * will bring a reasonable return following conformity with the regulations" (6 NYCRR 645-8.3 [b] [2]) was considered. We find that substantial credible evidence was presented indicating that both the proposed replacement and reconfiguration were imperative to the economic feasibility of the marina and that the inability to do both would result in the marina's inability to bring a reasonable return. Such conclusion was based upon the letters of Condit's accountant and the president of his bank, as well as tax returns and an appraisal, all indicating that due to the unique physical configuration of Condit's property, a viable business could not be conducted if left only with the permissible configurations of the docks *(see generally,* 6 NYCRR 646-1.1 [c]).

The evidence further indicates that the marina has been developed and used as a full-service marina for several years, that there is no request for an increase in the number of vessels served and that the actual square footage of the docks will be reduced. We find, therefore, that the Commission reasonably determined that the construction of the docks as proposed will not have an "adverse impact on the public health, safety or welfare, the environment or the resources of the park" (6 NYCRR 645-8.3 [b] [3]) or "that the granting of [the] variance will not alter the essential character of the area * * * [or] lead to congestion in the park" (6 NYCRR 645-8.3 [b] [4]). Hence, we find that the Commission properly determined that Condit sustained his burden in showing unnecessary hardship pursuant to the regulatory dictates.

Finally, contrary to Condit's contentions, we find that petitioner has standing to bring this proceeding which we do not find moot in light of the removable nature of the docks *(see, Matter of Dreves v New York Power Auth.,* 131 AD2d 182, *lv*

*dismissed* 71 NY2d 889; *cf., Matter of Ughetta v Barile,* 210 AD2d 562; *Matter of Caprari v Town of Colesville,* 199 AD2d 705; *Matter of Harbour v Riedell,* 172 AD2d 920). Accordingly, we affirm the judgment of Supreme Court dismissing the petition.

Cardona, P. J., Mikoll, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.