■ In the Matter of JO-ELYNN VEGA et al., Appellants, v RICHARD SCHEYER et al., Respondents. [795 NYS2d 670]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Islip, dated July 8, 2003, which, after a hearing, denied the petitioners' application to establish a nonconforming use of their property as a farm, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Loughlin, J.), dated April 20, 2004, which, upon granting the respondents' motion to dismiss the proceeding as time-barred, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Town Law § 267-c (1) states, in pertinent part, that a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals "shall be instituted within [30] days after the filing of a decision of the board in the office of the town clerk." Here the petitioners did not commence their proceeding until more than five months after the respondents' decision was filed.

Contrary to the petitioners' contention, the statute of limitations was not tolled due to some minor procedural irregularities in the process followed by the respondents in rendering their determination (*see Matter of Kennedy v Zoning Bd. of Appeals of Vil. of Croton-on-Hudson,* 78 NY2d 1083; *Matter of Crepeau v Zoning Bd. of Appeals of Vil. of Cambridge,* 195 AD2d 919 [1993]; *cf. Matter of McCartney v Incorporated Vil. of E. Williston,* 149 AD2d 597 [1989]). Accordingly, the Supreme Court properly dismissed the proceeding as time-barred (*see* Town Law § 267-c [1]; *Matter of Ficalora v Planning Bd. of Town of E. Hampton,* 262 AD2d 320 [1999]).

The petitioners' remaining contention is without merit. Florio, J.P., S. Miller, Santucci and Spolzino, JJ., concur.