■ In the Matter of NANCY A. CLARKE, Appellant, v TOWN OF SAND LAKE ZONING BOARD OF APPEALS et al., Respondents. [860 NYS2d 646]—

Kane, J. Appeal from a judgment of the Supreme Court (Platkin, J.), entered July 26, 2007 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Sand Lake Zoning Board of Appeals issuing a building permit and certificate of occupancy to respondents Richard P. Morris and Diane Y. Morris.

Petitioner owns property in the Town of Sand Lake, Rensselaer County adjacent to lakefront property owned by respondents Richard P. Morris and Diane Y. Morris. The Morrises' predecessor in interest obtained approval from the Town Planning Board, as required under local zoning provisions dealing with scenic preservation areas, for construction of a house that was closer to the lake than permitted by the setback requirements of the zoning ordinance. Their predecessor also obtained appropriate permits for the septic system. The Morrises purchased the property and transferred the permits. On June 8, 2006, upon a request for modification of the original conditions, the Planning Board approved the construction of a home 28 feet from the shoreline on one side and 35 feet from the shoreline on the other side, rather than the 100 feet in the setback requirements. The Morrises and their predecessor removed five dilapidated trailers from the property, some of which were located within five feet of the shoreline and had inadequate septic systems, but all of which could have remained as preexisting uses. On June 9, 2006, respondent Town of Sand Lake Code Enforcement Officer issued a building permit. Excavation began on July 14, 2006. After a modular home was situated on the property and all construction was complete, the Town issued a certificate of occupancy on October 20, 2006.

Soon thereafter, petitioner appealed to respondent Town of Sand Lake Zoning Board of Appeals (hereinafter ZBA), challenging the issuance of the building permit and the certificate of occupancy. Petitioner also commenced an action in Supreme Court seeking an injunction against the Morrises. The court (Hummel, J.) dismissed petitioner's action on several alternate grounds. Petitioner did not appeal the dismissal of that action. The ZBA later issued a determination finding, among other things, that petitioner's challenge to the building permit was untimely, the home did not obstruct a turnaround on a public road, the challenge to the certificate of occupancy was timely and the home was constructed in compliance with the zoning code and permits.

Petitioner commenced this CPLR article 78 proceeding seeking to annul the ZBA's determination. Supreme Court (Platkin, J.) dismissed the petition in its entirety partly on the merits and partly on the basis of collateral estoppel by the prior court decision. Petitioner appeals.

Statutes of limitations bar petitioner's challenge to the building permit. State law requires an appeal of the issuance of a building permit to the ZBA within 60 days after filing (*see* Town Law § 267-a [5] [b]). A local ordinance requires appeals to be taken within 30 days of any determination by the Code Enforcement Officer (*see* Town of Sand Lake Zoning Code § 250-117). The Code Enforcement Officer issued the permit on June 9, 2006. Although petitioner was not on notice when the permit was issued, she lived next door and was aware that construction was taking place, at least by July 14, 2006. Her appeal to the ZBA in October 2006 was untimely under both the local ordinance and state statute. On the other hand, her challenge to the certificate of occupancy, which was taken soon after that document was filed, was timely under both statutes of limitations.

Nevertheless, petitioner's challenge is barred by the doctrine of laches. Petitioner was aware that excavation and construction were occurring on the neighboring property in July 2006. She acknowledges that the Morrises informed her of the impending plans for a new house as early as May 2006. Despite this knowledge prior to and during the construction, petitioner did not appeal to the ZBA or seek a preliminary injunction until late October 2006—after the house was complete, the certificate of occupancy was issued and the Morrises had moved in (*see* *Ughetta v Barile*, 210 AD2d 562, 563 [1994], *lv denied* 85 NY2d 805 [1995]). Because petitioner delayed in seeking to protect her interests and offered no reason for not acting sooner, the

doctrine of laches should be invoked to bar this proceeding (*see Matter of Save The Pine Bush v New York State Dept. of Envtl. Conservation*, 289 AD2d 636, 638 [2001], *lv denied* 97 NY2d 611 [2002]; *Matter of Caprari v Town of Colesville*, 199 AD2d 705, 706 [1993]; *Matter of Center Sq. Assn. v Board of Bldg., Zoning & Hous. Appeals of City of Albany*, 195 AD2d 684, 684 [1993]; *see also Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach*, 98 NY2d 165, 172-173 [2002]).

The ZBA's determination was not arbitrary or capricious in its rejection of petitioner's contention that the Morris house was built on a public road. While petitioner presented testimony from neighbors that the turnaround which extended from the mapped roadway onto the Morris property was used by the public and maintained by the Town so as to attain the status of a public highway by use (*see* Highway Law § 189; *Whitton v Thomas*, 25 AD3d 996, 997 [2006], *lv dismissed* 7 NY3d 783 [2006]), the ZBA did not act arbitrarily or capriciously by instead crediting an official town highway map which did not include the turnaround as a public highway (*see Matter of Citizens Against Illegal Zoning v Zoning Bd. of Appeals of Town of Rochester*, 276 AD2d 897, 898-899 [2000]). In any event, the doctrine of collateral estoppel barred petitioner from relitigating this issue in the current proceeding, as it had been decided against her in the Supreme Court action.

Cardona, P.J., Peters, Carpinello and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.