In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of the Town of East Hampton dated October 20, 2010, as, after a hearing, authorized the Senior Building Inspector to reissue a certificate of occupancy and a building permit upon Windsor Digital Studio, LLC’s compliance with certain conditions, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Leis III, J.), entered November 30, 2011, which denied the petition and dismissed the proceeding.
Ordered that the judgment is affirmed, with one bill of costs.
The petitioner, an adjoining property owner, commenced this proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton (hereinafter the Board) which, after a hearing, revoked a certificate of occupancy and a building permit issued to the respondent Windsor Digital Studios, LLC (hereinafter Windsor), until certain conditions were met, and authorized the Senior Building Inspector to reissue both upon confirming compliance with those conditions. The evidence before the Supreme Court established that the petitioner was aware of the issuance of building permits to Windsor and of the ongoing construction as early as June 2007, but failed to challenge Windsor’s right to build the contemplated structures until July 2009, at which point one residence and its accessory structures, and the foundation for the second residence, were complete and *1084 Windsor had obtained a certificate of occupancy for one residence and associated structures. The court determined, inter alia, that the petitioner’s claims were barred by the doctrine of laches, and that, in any event, the Board’s determination that a cottage on the property qualified as a single-family residence which could be altered and expanded was not arbitrary and capricious. Therefore, the court denied the petition and dismissed the proceeding.
The Supreme Court properly determined that the petitioner’s challenge was barred by the doctrine of laches. Windsor demonstrated, inter alia, that it was prejudiced by the petitioner’s undue delay in challenging its construction (see Stein v Doukas, 98 AD3d 1026, 1028 [2012]; Matter of Miner v Town of Duanesburg Planning Bd., 98 AD3d 812, 814 [2012]; White v Priester, 78 AD3d 1169, 1171 [2010]; Matter of Clarke v Town of Sand Lake Zoning Bd. of Appeals, 52 AD3d 997, 999-1000 [2008]). In any event, the Board’s determination that the subject cottage was a nonconforming single-family residence which could be altered and expanded had a rational basis, and was not arbitrary and capricious. The court, therefore, properly denied the petition and dismissed the proceeding.
In light of the foregoing, we need not reach the petitioner’s remaining contention. Angiolillo, J.E, Chambers, Hall and Roman, JJ., concur.