In the Matter of BRETT LEITNER et al., Appellants, v TOWN OF OYSTER BAY PLANNING AND DEVELOPMENT DEPARTMENT et al., Respondents. [39 NYS3d 502]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Oyster Bay dated July 18, 2012, which, after a hearing, granted the application of the respondent Karen Malamud for a use variance, and, in effect, to vacate a permit issued by the respondent Town of Oyster Bay Department of Planning and Development, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered December 11, 2013, which granted the respondents' separate motions to dismiss the petition as time-barred and, in effect, denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs.

In a determination dated July 18, 2012, made after a hearing attended by the petitioners, the respondent Zoning Board of Appeals of the Town of Oyster Bay (hereinafter the ZBA) granted an application made by the petitioners' next-door neighbor, the respondent Karen Malamud, for a variance to use a single-family home as a parent-child residence. The decision to grant the variance was subject to plans dated May 14, 2012; however, construction of a proposed "enclosed outside staircase" was not permitted by the variance. On August 7, 2012, a building permit was issued by the respondent Town of Oyster Bay Department of Planning and Development (hereinafter the Planning Department) for the construction of a rear addition on Malamud's property based upon revised plans dated July 20, 2012. Those revised plans included a provision to build an exterior second floor landing with stairs, differing from the plans dated May 14, 2012, which included a provision to build an enclosed exterior staircase. Construction of the addition commenced on or around September 12, 2012. The petitioners filed their administrative appeal challenging the issuance of the building permit on December 20, 2012.

The petitioners commenced this CPLR article 78 proceeding on June 13, 2013, inter alia, to annul the use variance and, in effect, vacate the building permit. Each respondent separately moved to dismiss the petition on the ground that the petitioners were time-barred from commencing the proceeding. The Supreme Court granted the respondents' motions and dismissed the petition as time-barred. We affirm.

Contrary to the petitioners' contention, their CPLR article 78 challenge to the ZBA's issuance of the use variance was not timely. Any such challenge had to be instituted within 30 days after the ZBA's determination was filed in the office of the Town Clerk (*see* Town Law § 267-c; CPLR 217). Here, that filing occurred on July 18, 2012, and this proceeding was commenced on June 13, 2013. Accordingly, insofar as this proceeding is premised on the ZBA's determination, it is time-barred (*see Matter of Cutalo v Zoning Bd. of Appeals of Town of Huntington*, 55 AD3d 830, 831 [2008]; *Matter of Vega v Scheyer*, 18 AD3d 664 [2005]).

The petitioners' administrative appeal challenging the issuance of the building permit also was untimely. Town Law § 267-a (5) (b) provides that "[a]n appeal shall be taken within sixty days after the filing of any order, requirement, decision, interpretation or determination of the administrative official." Here, the Planning Department issued the building permit on August 7, 2012, and the 60-day statutory period began to run on that date. Thus, the petitioners' December 20, 2012, filing of their administrative appeal to the ZBA was untimely (*see* Town Law § 267-a [5] [b]; *Matter of Peehl v Village of Cold Spring*, 129 AD3d 844 [2015]; *Matter of Clarke v Town of Sand Lake Zoning Bd. of Appeals*, 52 AD3d 997, 999 [2008]; *Matter of Highway Displays v Zoning Bd. of Appeals of Town of Wappinger*, 32 AD2d 668 [1969]).

In light of our determination, we need not address the parties' remaining contentions. Hall, J.P., Cohen, Miller and Barros, JJ., concur.