In the Matter of WILLIAM CROWELL, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF QUEENSBURY et al., Appellants. [56 NYS3d 618]—

Peters, P.J. Appeal from a judgment of the Supreme Court (Krogmann, J.), entered December 11, 2015 in Warren County, which granted petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondent Zoning Board of Appeals of the Town of Queensbury issuing building permits to respondents William Roberts and Pamela Roberts.

Respondents William Roberts and Pamela Roberts seek to reconstruct two single-family dwellings situated on their property in the Town of Queensbury, Warren County. The property is located within the Town's waterfront residential zoning district, which contains a density provision limiting each lot to one single-family structure. The two structures at issue predate the adoption of the Town's zoning code and, therefore, constitute prior nonconforming structures.

In December 2013, the Robertses submitted a proposed project to respondent Craig Brown, the Town's Zoning Administrator, seeking a determination as to what approvals were neces-

sary for the demolition and reconstruction of the two structures. Brown advised the Robertses that the proposed project required, among other things, area variances for certain setback requirements as well as "a variance" to construct a second dwelling on the same lot. The Robertses promptly applied to respondent Zoning Board of Appeals of the Town of Queensbury (hereafter ZBA) for the necessary variances, and the application came on for a hearing before the ZBA in January 2014. Prior to the hearing, petitioner, a neighboring property owner, submitted a letter to the ZBA opposing the variance application on the ground that the construction of two single-family homes on the Robertses' lot required a use variance and that the Robertses' variance application should be denied due to their failure to satisfy the requisite criteria for such a variance. After considering, among other things, the letters in support of and in opposition to the project and applying the statutorily prescribed criteria for an area variance (see Town Law § 267-b [3] [b]), the ZBA granted the requested area variances from the minimum setback requirements and the applicable density requirement of one single-family dwelling per lot. The resolution approving such variances was filed in the office of the Town Clerk on January 23, 2014.

On November 26, 2014, the Town's Code Enforcement Officer issued building permits for the proposed reconstruction. On January 16, 2015, petitioner filed an appeal with the ZBA challenging the issuance of the building permits, again arguing that the construction of two single-family homes on the Robertses' lot requires a use, rather than an area, variance pursuant to the Town's zoning code. At the conclusion of a public hearing, the ZBA adhered to its prior determination that an area variance was required for relief from the Town's density requirement and upheld the issuance of the building permits. Petitioner thereafter commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, to annul the ZBA's determination upholding the issuance of the building permits and to enjoin the Robertses from further construction of the two single-family dwellings. Respondents separately moved to dismiss the petition/complaint asserting, among other things, that petitioner's claims were time-barred. By order entered in June 2015, Supreme Court denied respondents' respective motions and declined to preliminarily enjoin construction on the property. After respondents answered, petitioner moved for summary judgment on his claims and the Robertses cross-moved for summary judgment dismissing the petition/complaint. Supreme Court granted the petition, rescinded the building permits and

enjoined any further construction of a second residence on the property, concluding that an area variance was insufficient to permit the reconstruction of a prior nonconforming structure pursuant to the Town's zoning code. Respondents appeal.

Because petitioner's challenge to the issuance of the building permits should have been dismissed as untimely, we reverse. There is no dispute that petitioner administratively appealed the issuance of the building permits to the ZBA within the 60-day limitations period prescribed by Town Law § 267-a (5) (b) and, further, that this CPLR article 78 proceeding challenging the ZBA's decision to uphold the permits was commenced within the 30-day time frame mandated by Town Law § 267-c (1). However, the fact that petitioner denominated his challenge as one to the issuance of the building permits does not control for statute of limitations purposes. In order to determine the applicable limitations period and the event that triggered its commencement, "we must first ascertain what administrative decision petitioner is actually seeking to review and then find the point when that decision became final and binding and thus had an impact upon petitioner" (*Matter of City of Saratoga Springs v Zoning Bd. of Appeals of Town of Wilton*, 279 AD2d 756, 758 [2001] [internal quotation marks and citations omitted]; *see Matter of Young v Board of Trustees of Vil. of Blasdell*, 89 NY2d 846, 848 [1996]; *Matter of Green Harbour Homeowners' Assn. v Town of Lake George Planning Bd.*, 1 AD3d 744, 745 [2003]).

The crux of petitioner's challenge to the issuance of the building permits is that a use variance, not an area variance, is required for the Robertses' reconstruction of the two nonconforming structures on their property. That issue was squarely resolved by the ZBA in January 2014, when it considered and rejected petitioner's claim that a use variance was required for the project and granted the Robertses an area variance from the density requirement of the Town's zoning code. To test that determination, petitioner was required to commence a CPLR article 78 proceeding within 30 days after the filing of the resolution granting the variance (*see* Town Law § 267-c [1]; *Matter of Leitner v Town of Oyster Bay Planning & Dev. Dept.*, 143 AD3d 986, 987 [2016]). Petitioner failed to do so and, under these circumstances, he "could not sit idly by and extend [his] time to commence a proceeding for judicial review until after the building permit[s] had been issued" (*Matter of Board of Educ., Union Free School Dist. No. 17, Town of Oyster Bay v Wolfe*, 10 AD2d 713, 714 [1960]; *see Town of New Baltimore v Winslow*, 39 AD3d 1074, 1075-1076 [2007]). Accordingly,

Supreme Court erred in declining to dismiss this proceeding/action as time-barred.

Petitioner's challenge is also barred by the doctrine of laches. "It is well settled that where neglect in promptly asserting a claim for relief causes prejudice to one's adversary, such neglect operates as a bar to a remedy and is a basis for asserting the defense of laches, particularly in the area of land development" (*Matter of Stockdale v Hughes*, 189 AD2d 1065, 1067 [1993] [citations omitted]; *see Matter of Schulz v State of New York*, 81 NY2d 336, 348 [1993]; *Matter of Save The Pine Bush v New York State Dept. of Envtl. Conservation*, 289 AD2d 636, 638 [2001], *lv denied* 97 NY2d 611 [2002]). Here, the Robertses obtained the building permits on November 26, 2014 and demolition work on the property promptly commenced days later on December 1, 2014. Soon thereafter, the Robertses openly undertook the ongoing construction of the proposed structures and it is evident that this progress was fully visible to petitioner, whose property is located just 300 feet away. Despite his unchallenged awareness that construction was occurring on the neighboring property, petitioner did not file his appeal concerning the issuance of the permits until January 16, 2015—after the structure for the first house was set and the Robertses had expended nearly $240,000 on the project. Moreover, even after the ZBA upheld the validity of the permits, petitioner did not seek a preliminary injunction to prevent the ongoing construction until late March 2015. Given petitioner's delay in seeking to safeguard his interests and his failure to offer any viable reason for his failure to act sooner, we find that the doctrine of laches serves as a bar to this proceeding/action (*see Matter of Clarke v Town of Sand Lake Zoning Bd. of Appeals*, 52 AD3d 997, 999-1000 [2008], *lv denied* 11 NY3d 707 [2008]; *Matter of Save The Pine Bush v New York State Dept. of Envtl. Conservation*, 289 AD2d at 638; *Ughetta v Barile*, 210 AD2d 562, 563 [1994], *lv denied* 85 NY2d 805 [1995]; *Matter of Caprari v Town of Colesville*, 199 AD2d 705, 706 [1993]; *Matter of Stockdale v Hughes*, 189 AD2d at 1067-1068; *see also Matter of Kowalczyk v Town of Amsterdam Zoning Bd. of Appeals*, 95 AD3d 1475, 1477-1478 [2012]).

In light of our determination, respondents' remaining contentions have been rendered academic.

McCarthy, Egan Jr. and Mulvey, JJ., concur. Ordered that the judgment is reversed, without costs, and petition dismissed.